Robert J. Odson (State Bar No. 162506)
Staci M. Tomita (State Bar No. 266309)
Benjamin L. Hicks (State Bar No. 312765)
**SHUMENER, ODSON & OH LLP**
550 South Hope Street, Suite 1050
Los Angeles, CA  90071-2678
Tel: 213.344.4200; Fax:  213.344.4190
Email: rodson@soollp.com

*Attorneys for Crown Valley Holdings, LLC*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CROWN VALLEY HOLDINGS, LLC, a Delaware Limited Liability Company,<br><br>               Plaintiff,<br><br>v.<br><br>AMCO INSURANCE COMPANY, an Iowa Corporation; DOES 1 - 50, Inclusive,<br><br>               Defendants. | CASE NO. 8:22-cv-01091-DOC-KESx<br><br>Judge: David O. Carter<br><br>**NOTICE OF MOTION AND MOTION TO REMAND AND REQUEST FOR ATTORNEYS' FEES PURSUANT TO 28 U.S.C. § 1447(C); MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Hearing Date: August 1, 2022<br>Time: 8:30 a.m.<br>Trial Date: None<br>Courtroom: 10 A<br><br>This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on June 13, 2022 and June 22, 2022 |

MOTION TO REMAND; MEMORANDUM OF POINTS AND AUTHORITIES

**TO THE COURT AND ALL PARTIES:**

    **PLEASE TAKE NOTICE THAT** on August 1, 2022, at 8:30 a.m., in Courtroom 10 A of the above-captioned Court, located at 411 West Fourth Street, Santa Ana, CA 92701-4516, plaintiff Crown Valley Holdings, LLC ("**Crown Valley**") will, and hereby does, move to remand this action, in its entirety, to the California Superior Court for the County of Orange, from where this action was removed by defendant AMCO Insurance Company ("**AMCO**").  Crown Valley's motion is brought pursuant to 28 U.S.C § 1447, and on the basis that the Court lacks subject matter jurisdiction, because there is no diversity between Crown Valley and AMCO – which are both citizens of Ohio.

    AMCO removed this action based on diversity under 28 U.S.C. § 1332.  In its Notice of Removal filed on June 1, 2022, AMCO stated that AMCO's "headquarters is located at One Nationwide Boulevard, Columbus, Ohio, 43215. … Consistent with *Tosco Corp. v. Communities for a Better Environment*, 236 F.3d 495 (9th Cir. 2001), and *Industrial Techtonics, Inc. v. Aero Alloy*, 912 F.2d 1090 (9th Cir. 1990), the 'substantial predominance'[1] of AMCO's business activities occur in the State of Iowa and the State of Ohio – not California or Delaware." (Dkt. 1, p. 4.)

    As such, Crown Valley met and conferred with AMCO to obtain a stipulation for remand, since Crown Valley (as a limited liability company) has citizenship in the states of its members (and their partners), which includes Ohio.  (Declaration of Steven A. Russell ("**Russell Decl.**")).  Only after Crown Valley informed AMCO that it was a citizen of Ohio did AMCO suddenly change its story and claim that its Notice of Removal was materially false, and it was not a citizen of Ohio. (Declaration of Robert Odson ("**Odson Decl.**"), ¶¶ 4-9, Ex. 1.)

---

[1] This test for "principal place of business" has been rejected by the Supreme Court in *Hertz Corp. v. Friend*, 559 U.S. 77 (2010), and was replaced with the "nerve center" test – the location from which a corporation's directors control the business.

AMCO's reversal is, at best, disingenuous.  In no less than eighteen (18) separate cases over the past eleven (11) years, AMCO represented to United States District Courts that its domicile and citizenship included the State of Ohio and that AMCO's directors and officers directed AMCO's business from the State of Ohio. (Declaration of Benjamin Sosnick ("**Sosnick Decl**."), ¶ 2, Exs. 1-21.)  As recently as February 18, 2022, AMCO represented and admitted that "**All of AMCO's directors are located in the State of Ohio … As a result, AMCO is a citizen of both Ohio and Iowa.**"  (Sosnick Decl., Ex. 1 (emphasis added).)  AMCO's officers repeatedly declared under *penalty of perjury* that AMCO's officers were located in and directed business from Ohio: "**Defendant AMCO is and was a citizen of Iowa and Ohio at all relevant times…Its directors and officers work at AMCO's office in Columbus, Ohio…The corporation's highest level officers direct, control and coordinate the corporation's activities from the Columbus, Ohio office.**"  (Sosnick Decl., Ex. 19; *see also* Sosnick Decl., Exs. 5, 20, 21.) Indeed, AMCO's officers signed these declarations from Columbus, Ohio, where they admittedly direct AMCO's business.  (*Id.*)

Thus, AMCO's "nerve center" – where its directors and officers direct AMCO's business – is in Columbus, Ohio.  *Hertz Corp. v. Friend*, 559 U.S. 77, 96 (2010) (even where the bulk of a corporation's employees work in New Jersey, if the corporation's directors control the business from New York, the principal place of business is New York – not New Jersey).

Although AMCO now attempts to dispute the assertions it repeatedly made (under penalty of perjury), AMCO is estopped.  AMCO obtained substantial benefits by claiming Ohio citizenship – *i.e.*, removal jurisdiction – and even obtained Court orders confirming as much.  The United States Supreme Court is clear that "intentional self-contradiction ... as a means of obtaining unfair advantage" is forbidden.  *New Hampshire v. Maine*, 532 U.S. 742, 750–51 (2001); *Iglesias v. Welch Foods Inc.*, 2017 WL 1227393, at *2 (N.D. Cal. Apr. 4, 2017).

1    The burden is on *AMCO* to establish complete diversity: "Removal and

2 subject matter jurisdiction statutes are 'strictly construed,' and a 'defendant seeking

3 removal has the burden to establish that removal is proper and any doubt is resolved

4 against removability.'" *Hawaii ex rel. Louie v. HSBC Bank Nevada, N.A.*, 761 F.3d

5 1027, 1034 (9th Cir. 2014). AMCO cannot do so here. Either it is misrepresenting

6 facts to the Court now to avoid remand – or it repeatedly misrepresented the facts to

7 the District Courts over the past eleven (11) years to obtain removal jurisdiction.

8 (Sosnick Decl., Exs. 1-21.) The Court should not permit such intentional self-

9 contradiction, which, at a minimum, leaves substantial doubt as to whether removal

10 was proper. If there is any doubt, then this Court *must* remand.

11    Crown Valley brings this motion pursuant to 28 U.S.C. § 1447(c), pursuant

12 to which it is entitled to its "just costs and any actual expenses, *including attorney*

13 *fees*, incurred as a result of the removal." Crown Valley has incurred no less than

14 $11,740 in costs to meet and confer with AMCO in an unsuccessful effort to obtain

15 a stipulation to remand and to bring this motion – and Crown Valley anticipates

16 incurring additional expenses before the resolution of this matter. (Odson Decl., ¶¶

17 11-13.) Given AMCO's tactics and misstatements to the Court, AMCO should be

18 ordered to pay Crown Valley's costs pursuant to 28 U.S.C. § 1447(c).

19    Crown Valley's motion is based on this notice of motion and motion, the

20 memorandum of points and authorities attached hereto, the declarations of Steven

21 A. Russell, Robert J. Odson, and Benjamin Sosnick, filed concurrently herewith,

22 and such further oral and documentary evidence as may be introduced at or before

23 the hearing of this matter.

24

25 Dated:  June 30, 2022               SHUMENER, ODSON & OH LLP
                                      By
26                                      ROBERT J. ODSON
                                        STACI M. TOMITA
27                                      BENJAMIN LEVENTHAL HICKS
                                        *Attorneys for Crown Valley Holdings, LLC*
28

-4-

1

## **TABLE OF CONTENTS**

2    I.    INTRODUCTION ................................................................................8

3    II.   STATEMENT OF FACTS.................................................................10

4          A.   AMCO Removes This Action Based On Diversity...................10

5          B.   AMCO Changes Its Story After It Learns Crown Valley Is Also A
6               Citizen Of Ohio And There Is No Diversity.............................11

7          C.   AMCO Made Repeated Assertions That It Is A Citizen Of Ohio.............12

8    III.  ARGUMENT ....................................................................................17

9          A.   Legal Standard: AMCO Cannot Meet Its High Burden Of Proof.............17

10         B.   AMCO Cannot Deny Both It And Crown Valley Are Ohio Citizens........18

11         C.   Crown Valley Is Entitled To Costs Including Attorneys' Fees.................22

12   IV.   CONCLUSION ................................................................................24

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MOTION TO REMAND; MEMORANDUM OF POINTS AND AUTHORITIES

1

## <u>TABLE OF AUTHORITIES</u>

2

**<u>Cases</u>**

3

*Americold Realty Tr. v. Conagra Foods, Inc.*
   577 U.S. 378 (2016) ...................................................................................17, 18

4

*Carden v. Arkoma Assocs.*
   494 U.S. 185 (1990) ...............................................................................................18

5

6

*Circle Indus. USA, Inc. v. Parke Const. Grp., Inc.*
   183 F.3d 105 (2d Cir. 1999) .................................................................................23

7

*De Leon v. Aurora Loan Servs.*
   2009 WL 5065254 (C.D. Cal. Dec. 15, 2009) ...............................................17, 18

8

9

*Gaus v. Miles, Inc.*
   980 F.2d 564 (9th Cir. 1992).............................................................................10, 17

10

*Hawaii ex rel. Louie v. HSBC Bank Nevada, N.A.*
   761 F.3d 1027 (9th Cir. 2014)...............................................................................4, 10

11

12

*Hertz Corp. v. Friend*
   559 U.S. 77 (2010) .........................................................................................passim

13

*Iglesias v. Welch Foods Inc.*
   2017 WL 1227393 (N.D. Cal. Apr. 4, 2017) .....................................................3, 22

14

15

*Johnson v. Columbia Properties Anchorage, LP*
   437 F.3d 894 (9th Cir. 2006)...........................................................................17, 18

16

*Johnson-Brown v. 2200 M Street LLC*
   257 F. Supp. 2d 175 (D.D.C. 2003) ......................................................................23

17

18

*Kanter v. Warner-Lambert Co.*
   265 F.3d 853 (9th Cir. 2001)...................................................................................22

19

*Kantor v. Wellesley Galleries, Ltd.*
   704 F.2d 1088 (9th Cir. 1983).................................................................................17

20

*Kokkonen v. Guardian Life Ins. Co. of Am.*
   511 U.S. 375 (1994) ...............................................................................................10

21

22

*Martin v. Franklin Cap. Corp.*
   546 U.S. 132 (2005) ...............................................................................................23

23

*Matheson v. Progressive Specialty Ins. Co.*
   319 F.3d 1089 (9th Cir. 2003)...............................................................................17

24

25

*New Hampshire v. Maine*
   532 U.S. 742 (2001) .................................................................................3, 9, 21, 22

26

27

*Provident Energy Assocs. of Montana v. Bullington*
   77 Fed. Appx. 427 (9th Cir. 2003) ........................................................................17

28

MOTION TO REMAND; MEMORANDUM OF POINTS AND AUTHORITIES

*Rolling Greens MHP, L.P. v. Comcast SCH Holdings, L.L.C.*
  374 F.3d 1020 (11th Cir. 2004)................................................................17

*Sonoma Falls Developers, LLC v. Nevada Gold & Casinos, Inc.*
  272 F. Supp. 2d 919 (N.D. Cal. 2003) .....................................................23

*Tosco Corp. v. Communities for a Better Environment*
  236 F.3d 495 (9th Cir. 2001).....................................................................2

## Statutes

28 U.S.C. § 1332....................................................................................2, 8, 20
28 U.S.C. § 1332(c) ....................................................................................18, 19
28 U.S.C. § 1447(C) .........................................................................1, 4, 22, 24
28 U.S.C § 1447............................................................................................2, 23
Cal. Bus. and Prof. Code §§ 17200 .................................................................10

MOTION TO REMAND; MEMORANDUM OF POINTS AND AUTHORITIES

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

This Court lacks subject matter jurisdiction, and it should remand this action to the Superior Court of California for the County of Orange.  AMCO removed this action based on purported diversity jurisdiction under 28 U.S.C. § 1332.  In its Notice of Removal, AMCO stated that AMCO's "headquarters is located at One Nationwide Boulevard, Columbus, Ohio, 43215. …  the 'substantial  predominance' of AMCO's business activities  occur in the State of Iowa and the State of Ohio – not California or Delaware." (Dkt. No. 1, p. 4.)  To try to avoid unnecessary costs and motion practice, Crown Valley conferred with AMCO to obtain a stipulation for remand, since Crown Valley is also a citizen of Ohio.  (Russell Decl., ¶¶ 2-7, Exs. A-C.)  Then, after Crown Valley informed AMCO that it was also a citizen of Ohio, AMCO changed its story and claimed that its Notice of Removal was false, and it was not a citizen of Ohio.  (Odson Decl., ¶¶ 4-9, Ex. 1.)

AMCO's reversal is disingenuous – at best – and, at worst, it is an attempt to mislead the Court to obtain removal jurisdiction where there is none.  AMCO's principal place of business – the "nerve center" from which its directors and officers direct the operation of its business – is Columbus, Ohio, and AMCO is a citizen of the State of Ohio. *Hertz Corp. v. Friend*, 559 U.S. 77, 96 (2010) (rejecting all other tests in favor of the "nerve center" test: "we conclude that the phrase 'principal place of business' refers to the place where the corporation's **high level officers direct, control, and coordinate the corporation's activities**").

In at least eighteen (18) cases, AMCO made representations to United States District Courts that it is a citizen of Ohio and that AMCO's directors and officers directed AMCO's business from Ohio.  (Sosnick Decl., ¶ 2, Exs. 1-21.)  As recently as February 18, 2022, AMCO represented to the United States District Court:

-8-

**All of AMCO's directors are located in the State of Ohio … As a result, AMCO is a citizen of both Ohio and Iowa.**

(Sosnick Decl., Ex. 1.)  AMCO's officers repeatedly admitted in declarations sworn under *penalty of perjury* that AMCO's officers were located in and directed AMCO's business from Ohio:

**Defendant AMCO is and was a citizen of Iowa and Ohio at all relevant times…Its directors and officers work at AMCO's office in Columbus, Ohio…The corporation's highest level officers direct, control and coordinate the corporation's activities from the Columbus, Ohio office.[2]**

(Sosnick Decl., Ex. 19; *see also* Sosnick Decl., Exs. 5, 20, and 21.)  Indeed, *AMCO's officers signed these declarations from **Columbus, Ohio**, demonstrating that they work from Ohio and this representation was no "mistake".*  (*Id.*)

Moreover, AMCO is estopped from denying Ohio citizenship.  AMCO obtained substantial benefits by claiming Ohio citizenship – *i.e.*, removal jurisdiction in case after case in Federal Court – and even obtained Court orders confirming as much.  The United States Supreme Court was clear: "intentional self-contradiction ... as a means of obtaining unfair advantage" (*e.g.*, jurisdiction in one case, but lack of diversity in another) is forbidden, and the party seeking to do so should be estopped.  *New Hampshire v. Maine*, 532 U.S. 742, 750–51 (2001).  AMCO's attempt to "correct" its notice of removal to delete its Ohio citizenship – after it learned that Crown Valley shares its Ohio citizenship – is belied by its own admissions in over eighteen (18) cases and is a contrived attempt to avoid remand.  The Court should not permit AMCO to repeatedly and routinely claim that it has citizenship in Ohio to obtain jurisdiction; then, when such citizenship destroys diversity, change its story.

---

[2] The language here directly mirrors the test articulated by the United States Supreme Court in *Hertz*, 559 U.S. at 80-81: "we conclude that the phrase 'principal place of business' refers to the place where the corporation's **high level officers direct, control, and coordinate the corporation's activities**"

If this Court has any doubt, it must remand this case. "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). The burden is on AMCO – not Crown Valley. *Hawaii ex rel. Louie v. HSBC Bank Nevada, N.A.*, 761 F.3d 1027, 1034 (9th Cir. 2014) ("a 'defendant seeking removal has the burden to establish that removal is proper and any doubt is resolved against removability.'"). AMCO cannot satisfy its burden. Either it is misrepresenting the truth now – or it misrepresented the truth about its citizenship repeatedly before District Courts across the country for over eleven (11) years. (Sosnick Decl., Exs. 1-21.) At a minimum, there is substantial doubt as to whether removal was proper and, as a result, the Court should remand this action.

## II.    <u>STATEMENT OF FACTS</u>

### A. AMCO Removes This Action Based On Diversity

On April 29, 2022, Crown Valley filed this action against AMCO, alleging that AMCO (i) violated its duties to Crown Valley (including the duty to defend Crown Valley in litigation in Orange County, California, and the duty fund such defense), (ii) violated its insurance contract with Crown Valley, (iii) violated (and continues to violate) Cal. Bus. and Prof. Code §§ 17200 by committing unfair business practices, and (iv) aided and abetted a breach of fiduciary duty by Crown Valley's attorneys by directly interfering with Crown Valley's attorney-client relationships. (Dkt. No. 1-2.)

In the hopes of forum shopping and delaying the discovery properly served in state court, AMCO removed this action on June 1, 2022. (Dkt. No. 1.) In its Notice of Removal, AMCO stated that AMCO's "headquarters is located at One Nationwide Boulevard, Columbus, Ohio, 43215. … the 'substantial

-10-

predominance' of AMCO's business activities occur in the State of Iowa and the State of Ohio – not California or Delaware." (Dkt. No. 1, p. 4.)

**B.  AMCO Changes Its Story After It Learns Crown Valley Is Also A Citizen Of Ohio And There Is No Diversity**

On June 13, 2022, Crown Valley held a telephonic meet and confer with AMCO in advance of this motion and explained that, like AMCO, Crown Valley was a citizen of Ohio. (Odson Decl., ¶¶ 5-6, Ex. 1.) AMCO neither disputed that it was a citizen of Ohio nor claimed a mistake was made in its Notice of Removal. Rather, AMCO asked for concrete evidence that Crown Valley had members that were citizens of Ohio. (*Id.*) Crown Valley stated that it could provide a sworn declaration and documentation showing that it had members domiciled in Ohio. (*Id.*)

Specifically, Crown Valley offered to show that its members are WCP Real Estate Fund II, L.P., WCP Real Estate Fund II(A), L.P., and WCP Real Estate Fund II(B), L.P. – each of which is a limited partnership. (Russell Decl., ¶¶ 3-4, Ex. A.) One of the limited partners in WCP Real Estate Fund II, L.P. is a limited liability company named Real Estate Capital Fund 2008, L.L.C. (Russell Decl., ¶ 5.) The managing member of Real Estate Capital Fund 2008, L.L.C. is a corporation named Falmouth Investment Company, Inc. (Russell Decl., ¶ 6, Ex. B.) Falmouth Investment Company, Inc. is a corporation incorporated in Ohio, with a principal place of business in Ohio. (Russell Decl., ¶ 7, Ex. C.) Therefore, Crown Valley is an Ohio citizen.

Then, on June 16, 2022, after realizing that there was no diversity, AMCO changed its story and claimed it was *not* an Ohio citizen. (Odson Decl., ¶ 7, Ex. 1.) Crown Valley responded that AMCO's reversal and assertion that its initial Notice of Removal contained false statements was concerning, and that it would further investigate. (Odson Decl., Ex. 1.) AMCO accused Crown Valley of "posturing" and threatened Crown Valley for contemplating a motion to remand. (*Id.*) The

-11-

parties then held a second meet and confer on June 22, 2022, at which time AMCO claimed its assertion of Ohio citizenship was a mistake.  (Odson Decl., ¶¶ 8-9.) Crown Valley disagreed and encouraged AMCO to stipulate to remand.  (Odson Decl., ¶¶ 9-10.)  AMCO refused to do so, necessitating this motion.

### C. AMCO Made Repeated Assertions That It Is A Citizen Of Ohio

Through its investigation, Crown Valley learned that it was not just in this action that AMCO claimed to be a citizen of Ohio.  Rather, in at least eighteen (18) cases over the past eleven (11) years, AMCO removed actions to United States District Courts based on Ohio citizenship, including on the following dates:

- **February 18, 2022**:  Yantabulous v. AMCO Insurance Company, Case No. 2:22-cv-01123.  AMCO wrote in its notice of removal that "All of AMCO's directors are located in the State of Ohio … As a result, AMCO is a citizen of both Ohio and Iowa."  (Sosnick Decl., Ex. 1.)

- **July 7, 2021**:  Walter R. Hardester, Inc. D/B/A Hardester's Market v. AMCO Insurance Company, Case No. 3:21-cv-05244.  In paragraph 5 of the notice of removal, AMCO wrote, "Defendant AMCO was, at the time of filing of the Superior Court Action, now is, and at all relevant times has been, a corporation organized and existing under the laws of the State of Ohio." (Sosnick Decl., Ex. 2.)

- **June 11, 2021**:  Steven Henson v. AMCO Insurance Company, Case No. 2:21-cv-04781.  AMCO wrote in its notice of removal that "All of Defendant's directors are located in the State of Ohio … Defendant is a citizen of both Ohio and Iowa."  (Sosnick Decl., Ex. 3.)

- **November 27, 2020**:  Flying V, LLC, et al. v. Nationwide Mutual Insurance Company, et. al., Case No. 2:20-cv-02370.  In paragraph 3c of AMCO's notice of removal, AMCO wrote, "AMCO is now, and since this action commenced has been, a corporation … with its principal place of business located in Ohio."  (Sosnick Decl., Ex. 4.)

- o In support of that notice of removal, Mr. Paul W. Dwight, declared – under penalty of perjury – that "I am familiar with the corporate structure as well as the location of principal place of business for … AMCO Insurance Company ('AMCO') … AMCO is now, and since this action commenced has been, a corporation … with its principal place of business located in Ohio." (Sosnick Decl., Ex. 5.)

- **October 30, 2020**: <u>Carl Johnson v. Nationwide Mutual Insurance Company, et. al.</u>, Case No. 3:20-cv-00613.  In paragraph 8 of AMCO's notice of removal, AMCO wrote, "All of AMCO's directors are located in the State of Ohio.  AMCO's officers direct, control, and coordinate the corporation's activities both from Ohio and Iowa.  As a result, AMCO is a citizen of both Ohio and Iowa." (Sosnick Decl., Ex. 6.)

  - o The plaintiff in that case moved to remand, and in response, the United States District Court entered an order that "AMCO … has its principal place of business in both Ohio and Iowa." (Sosnick Decl., Ex. 7.)

- **August 10, 2020**: <u>Davey's Locker Sportfishing, Inc. et. al. v. AMCO Insurance Company</u>, Case No. 8:20-cv-01424.  In paragraph 10 of AMCO's notice of removal, AMCO wrote, "All of AMCO's directors are located in the State of Ohio … As a result, AMCO is a citizen of both Ohio and Iowa." (Sosnick Decl., Ex. 8.)

- **December 5, 2019**: <u>Ramin Javaherian, et. al. v. AMCO Insurance Company</u>, Case No. 8:20-cv-01424.  In paragraph 10 of its notice of removal, AMCO wrote, "All of AMCO's directors are located in the State of Ohio … As a result, AMCO is a citizen of both Ohio and Iowa." (Sosnick Decl., Ex. 9.)

- **November 15, 2019**: <u>Ramon Sanchez v. AMCO Insurance Company</u>, Case No. 1:19-cv-01633.  In paragraph 9 of its notice of removal, AMCO wrote, "All of AMCO's directors are located in the State of Ohio … As a result, AMCO is a citizen of both Ohio and Iowa." (Sosnick Decl., Ex. 10.)

-13-

- **October 15, 2019**:  Edward Dove v. AMCO Insurance Company, et. al., Case No. 8:19-cv-03001.  In paragraph 8 of its notice of removal, AMCO wrote, "AMCO is a corporation … with its principal place of business in Columbus, Ohio."  (Sosnick Decl., Ex. 11.)

- **July 11, 2019**:  APRO, LLC v. AMCO Insurance Company, Case No. 2:19-cv-05993.  In paragraph 10 of its notice of removal, AMCO wrote, "All of AMCO's directors are located in the State of Ohio … As a result, AMCO is a citizen of both Ohio and Iowa."  (Sosnick Decl., Ex. 12.)

- **April 4, 2019**:  Juliana Carvalho v. AMCO Insurance Company, Case No. 5:18-cv-00687.  In paragraph 12 of its notice of removal, AMCO wrote, "All of AMCO directors are located in Ohio. AMCO's officers direct, control and coordinate the corporation's activities from Ohio and Iowa."  (Sosnick Decl., Ex. 13.)

- **May 3, 2019**:  Peter Kim, et. al. v. AMCO Insurance Company, Case No. 2:19-cv-03856.  In paragraph 9 of its notice of removal, AMCO wrote, "All of AMCO's directors are located in the State of Ohio … As a result, AMCO is a citizen of both Ohio and Iowa."  (Sosnick Decl., Ex. 14.)

- **August 3, 2018**:  Shirley Gonsalves v. AMCO Insurance Company, Case No. 2:18-cv-06678.  In paragraph 19 of its notice of removal, AMCO wrote, "All of AMCO's directors are located in the State of Ohio. AMCO's officers direct, control and coordinate the corporation's activities both from Ohio and Iowa."  (Sosnick Decl., Ex. 15.)

- **April 19, 2018**:  Urban Home, Inc. v. AMCO Insurance Company, Case No. 2:18-cv-03271.  In paragraph 8 of the notice of removal, AMCO wrote, "All of the AMCO directors are located in Ohio.  AMCO's officers direct, control and coordinate the corporation's activities from Ohio and Iowa."

  - In support of the removal, AMCO submitted the declaration of Mark E. Hartman, which was attached as Exhibit C to the notice.  In his

-14-

declaration, Mr. Hartman wrote, "I am the Associate Vice President and Assistant Secretary for AMCO … AMCO's directors are located in Ohio."  Mr. Hartman, AMCO's Associate Vice President, signed the declaration in Columbus, Ohio.

(Sosnick Decl., Ex. 21.)

- **February 16, 2018**:  <u>Steven Cash v. AMCO Insurance Co., et. al.</u>, Case No. 3:18-cv-00369.  In paragraph 11 of its removal, AMCO wrote, "[A]ll of its directors are located in the State of Ohio."  (Sosnick Decl., Ex. 16.)

  o In opposition to a motion to remand that matter, AMCO argued that "AMCO is a citizen of both Iowa and Ohio."  (Sosnick Decl., Ex. 17.)

- **January 12, 2016**:  <u>Urban Home, Inc. v. AMCO Insurance Company</u>, Case No. 2:16-cv-00231.  In paragraph 11 of its notice of removal, AMCO wrote, "AMCO has directors located in Ohio and one director located in Iowa. AMCO's officers direct, control and coordinate the corporation's activities from Ohio and Iowa."  (Sosnick Decl., Ex. 18.)

- **September 11, 2015**:  <u>USA Couture Corporation v. Nationwide Insurance Company, et. al.</u>, Case No. 2:15-cv-07191.  In paragraph 11 of the notice of removal, AMCO wrote, "AMCO has directors located in Ohio and one director located in Iowa.  AMCO's officers direct, control and coordinate the corporation's activities from Ohio and Iowa."

  o In support of its removal, AMCO submitted the declaration of Robert Horner, III.  In his declaration, Mr. Horner wrote, "I am the Vice President and Secretary for AMCO … AMCO has directors located in Ohio and one director located in Iowa.  AMCO's officers direct, control and coordinate the corporation's activities from Ohio and Iowa."  Mr. Horner also signed the declaration in Columbus, Ohio, further showing that AMCO's officers direct AMCO from Ohio.

(Sosnick Decl., Ex. 20.)

- **March 2, 2011**:  Paul J. Brazeau v. Allied Insurance Company, et. al., Case No. 8:11-cv-00344.  In its notice of removal, AMCO stated "Defendant AMCO is and was a citizen of Iowa and Ohio at all relevant times…Its directors and officers work at AMCO's office in Columbus, Ohio…The corporation's highest level officers direct, control and coordinate the corporation's activities from the Columbus, Ohio office."

  o In support of that removal, Ms. Carrie Ann Hall, Assistant Secretary for AMCO, declared under penalty of perjury that "AMCO's directors and officers work at AMCO's office in Columbus, Ohio…The corporation's highest level officers direct, control, and coordinate the corporation's activities from the Columbus, Ohio office."  Ms. Hall also executed the declaration from Columbus, Ohio.

(Sosnick Decl., Ex. 19.)

Over and over again, AMCO represented to United States District Courts that its directors and officers controlled AMCO's business from the State of Ohio. (Sosnick Decl., ¶ 2, Exs. 1-21.)  AMCO's officers repeatedly wrote in declarations sworn under **penalty of perjury** that AMCO's officers were located in and directed business from Ohio:

> **Defendant AMCO is and was a citizen of Iowa and Ohio at all relevant times…Its directors and officers work at AMCO's office in Columbus, Ohio…*The corporation's <u>highest level officers direct, control and coordinate the corporation's activities from the Columbus, Ohio office</u>.***

(Sosnick Decl., Ex. 19.)  Moreover, AMCO's officers signed these declarations from Columbus, Ohio, demonstrating that they do, indeed, work from Ohio and these assertions were no "mistake."  AMCO's claim that it was "mistaken" in its Notice of Removal regarding its Ohio citizenship is belied by the evidence, including its own repeated admissions to District Courts across the country.

In sum, AMCO and Crown Valley are Ohio citizens – destroying diversity.

-16-

### III.     ARGUMENT

### A. Legal Standard: AMCO Cannot Meet Its High Burden Of Proof

AMCO cannot meet its burden to obtain removal jurisdiction.  As detailed herein, AMCO and Crown Valley are both citizens of Ohio, and the Court must strictly construe the basis for removal – which here is diversity that does not exist.

The Court must "strictly construe the removal statute *against* removal jurisdiction."  *Gaus*, 980 F.2d at 566; *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1092 (9th Cir. 1983) ("[T]he congressional grant of diversity jurisdiction is to be strictly construed.") (citation omitted).  Indeed, **"[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."** *Gaus*, 980 F.2d at 566 (citation omitted); *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) ("Where doubt regarding the right to removal exists, a case should be remanded to state court.").

"The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper."  *Gaus*, 980 F.2d at 566.  A notice of removal based on diversity of citizenship must set forth the citizenship of each party.  *E.g., Rolling Greens MHP, L.P. v. Comcast SCH Holdings, L.L.C.*, 374 F.3d 1020, 1021-22 (11th Cir. 2004) ("To sufficiently allege the citizenships of these unincorporated business entities, a party must list the citizenships of all the members of the limited liability company and all the partners of the limited partnership.").  "To establish the citizenship of a limited liability company, Defendant must, at a minimum, allege the citizenship of all members of the limited liability company."  *De Leon v. Aurora Loan Servs.*, 2009 WL 5065254, at *1 (C.D. Cal. Dec. 15, 2009).

The citizenship of a limited liability company is determined by the citizenship of *each* of its members.  *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006); *Provident Energy Assocs. of Montana v. Bullington*, 77 Fed. Appx. 427, 428 (9th Cir. 2003); *Americold Realty Tr. v.*

1  *Conagra Foods, Inc.*, 577 U.S. 378, 381 (2016).  Similarly, the citizenship of a

2  limited partnership is determined by reference to the citizenship of its partners.

3  *Carden v. Arkoma Assocs.*, 494 U.S. 185 (1990).  Finally, the citizenship of a

4  corporation is determined by its place of incorporation and its principal place of

5  business.  28 U.S.C. § 1332(c) (A corporation "shall be deemed to be a citizen of

6  any State by which it has been incorporated and of the state where it has its

7  principal place of business").

8      AMCO cannot meet its burden.  AMCO does not even attempt to properly

9  allege Crown Valley's citizenship (*i.e.*, the ultimate citizenship of Crown Valley's

10  members).  AMCO is required to establish that the ultimate owners of Crown

11  Valley do not share citizenship with AMCO in any state that AMCO has

12  citizenship.  *De Leon*, 2009 WL 5065254, at *1.  AMCO failed to do so – and, as

13  detailed herein, the evidence establishes that both Crown Valley and AMCO are

14  citizens of Ohio.  AMCO cannot meet its burden and the Court should remand.

15  **B. AMCO Cannot Deny Both It And Crown Valley Are Ohio Citizens**

16      The evidence shows that both Crown Valley and AMCO are citizens of Ohio

17  – and AMCO's new assertions to the contrary are belied by its repeated admissions

18  to United States District Courts across the country.  If there is any doubt, the Court

19  must remand; and here, there is no doubt – there is no complete diversity, and the

20  Court lacks subject matter jurisdiction.

21      **First**, Crown Valley is a citizen of Ohio, among other states.  The citizenship

22  of unincorporated companies is determined by reference to the citizenship of *each*

23  of its members or partners.  *Johnson*, 437 F.3d at 899; *Americold Realty Tr.*, 577

24  U.S. at 381; *Carden*, 494 U.S. 185.

25      Here, Crown Valley's members consist of WCP Real Estate Fund II, L.P.,

26  WCP Real Estate Fund II(A), L.P., and WCP Real Estate Fund II(B), L.P. – each of

27  which is a Delaware limited partnership.  (Russell Decl., ¶¶ 3-4, Ex. A.)  One of the

28  limited partners in WCP Real Estate Fund II, L.P. is a limited liability company

-18-

named Real Estate Capital Fund 2008, L.L.C.  (Russell Decl., ¶ 5.)  The managing member of Real Estate Capital Fund 2008, L.L.C. is a corporation named Falmouth Investment Company, Inc.  (Russell Decl., ¶ 6, Ex. B.)  Falmouth Investment Company, Inc. is a corporation incorporated in Ohio, with a principal place of business in Ohio.  (Russell Decl., ¶ 7, Ex. C.)  Therefore, *at least* one of the ultimate members of Crown Valley is a corporation domiciled in Ohio – and Crown Valley is, thus, a citizen of Ohio, among other states.

**Second**, as AMCO admitted in its initial notice of removal (and in more than eighteen (18) other removals across the country), AMCO is a citizen of Ohio and Iowa – thereby breaking diversity.

The citizenship of a corporation is determined by its place of incorporation and its principal place of business.  28 U.S.C. § 1332(c).  In determining where a corporation's "principal place of business" is, the United States Supreme Court has rejected all other tests in favor of the **"nerve center" test**: "we conclude that the phrase 'principal place of business' refers to the place where the corporation's high level officers direct, control, and coordinate the corporation's activities.  Lower federal courts have often metaphorically called that place the corporation's 'nerve center.'"  *Hertz*, 559 U.S. at 80–81 (rejecting all other tests – including the test relied on by AMCO in its removal papers – among the Circuit Courts and recognizing the need to make the "judicial administration of a jurisdictional statute to remain as simple as possible.")

The Supreme Court was clear in *Hertz*: what matters is the location from which the company's "high level officers direct, control, and coordinate the corporation's activities."  *Hertz*, 559 U.S. at 80-81.  In *Hertz*, the Court found that even though a "plurality" of the corporation's employees worked in California, that was immaterial – what mattered is the location from which the officers directed business.  The Supreme Court recognized that this might mean that the "principal place of business" might ***not*** always be a company's headquarters:

-19-

> We also recognize that the use of a "nerve center" test may in some cases produce results that seem to cut against the basic rationale for 28 U.S.C. § 1332, see *supra*, at 1188. For example, if the bulk of a company's business activities visible to the public take place in New Jersey, while its top officers direct those activities just across the river in New York, the "principal place of business" is New York. One could argue that members of the public in New Jersey would be *less* likely to be prejudiced against the corporation than persons in New York—yet the corporation will still be entitled to remove a New Jersey state case to federal court. And note too that the same corporation would be unable to remove a New York state case to federal court, despite the New York public's presumed prejudice against the corporation.
>
> We understand that such seeming anomalies will arise. However, in view of the necessity of having a clearer rule, we must accept them. Accepting occasionally counterintuitive results is the price the legal system must pay to avoid overly complex jurisdictional administration while producing the benefits that accompany a more uniform legal system.

*Hertz*, 559 U.S. at 96.

No less is true here – while AMCO may argue its headquarters is in Iowa, AMCO's highest level officers have sworn under penalty of perjury that they work in Columbus, Ohio, and direct AMCO's business from Ohio.  (Sosnick Decl., Exs. 1-21.)  Therefore, under the test articulated by the United States Supreme Court, AMCO is a citizen of Ohio – the same as Crown Valley.

**Third**, AMCO is estopped from denying it is a citizen of Ohio.  Only *after* Crown Valley informed AMCO that Crown Valley was also a citizen domiciled in Ohio did AMCO change its tune and claim that its Notice of Removal was false, and it was not a citizen of Ohio.  (Odson Decl., ¶¶ 4-9, Ex. 1.)

AMCO's sudden reversal is completely without merit.  As detailed herein, AMCO's principal place of business – the location from which its officers direct the operation of its business – is Columbus, Ohio, and AMCO is a citizen of Ohio.  In no less than eighteen (18) cases, AMCO made representations to the United States District Courts that its domicile and citizenship included Ohio and that AMCO's

-20-

officers directed AMCO's business from Ohio.  (Sosnick Decl., ¶ 2, Exs. 1-21.)

As recently as February 18, 2022, AMCO represented to the United States District Court that "**All of AMCO's directors are located in the State of Ohio … As a result, AMCO is a citizen of both Ohio and Iowa.**"  (Sosnick Decl., Ex. 1.) AMCO's officers repeatedly wrote in declarations sworn under *penalty of perjury* that AMCO's officers were located in and directed business from Ohio:

> **Defendant AMCO is and was a citizen of Iowa and Ohio at**
> **all relevant times…Its directors and officers work at**
> **AMCO's office in Columbus, Ohio…***The corporation's*
> *highest level officers direct, control and coordinate the*
> *corporation's activities from the Columbus, Ohio office.*[3]

(Sosnick Decl., Ex. 19.)  Confirming that this was no mistake, AMCO's officers signed these declarations from Columbus, Ohio.  (*Id.*)

AMCO is judicially estopped from taking the contrary position that it is not a citizen of Ohio.  Indeed, AMCO obtained benefits by claiming Ohio citizenship – removal jurisdiction – and even obtained Court orders stating as much.  The United States Supreme Court is clear that "intentional self-contradiction ... as a means of obtaining unfair advantage" is forbidden.  *New Hampshire*, 532 U.S. at 750–51.

The Supreme Court in *New Hampshire* articulated three factors establishing circumstances in which estoppel should apply:

> (1)   "a party's later position must be 'clearly inconsistent' with its earlier position,"
>
> (2)   "whether the party has succeeded in persuading a court to accept that party's earlier position, so that judicial acceptance of an inconsistent position in a later proceeding would create 'the perception that either the first or the second court was misled,'" and

---

[3] This statement under penalty of perjury mirrors the test for principal place of business set forth by the United States Supreme Court in *Hertz*, 559 U.S. at 80-81.

(3)   "whether the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped."

*New Hampshire*, 532 U.S. at 750-51 (collecting cases).  In *Iglesias v. Welch Foods Inc.*, 2017 WL 1227393, at *2 (N.D. Cal. Apr. 4, 2017), the Court further explained that "case law does not require that the inconsistency occur within the same case."

In *Iglesias*, the Court estopped Welch Foods Inc. from taking a contrary position regarding the location of its citizenship in a later action, when in a prior action it obtained remand by claiming it was not a citizen of a certain state.  When Welch Foods Inc. took a contrary position in a later action to try to obtain federal jurisdiction, the Court rejected its attempt citing judicial estoppel.

No less is true here: (i) AMCO is taking a position "clearly inconsistent" with its prior claim that it is a citizen of Ohio; (ii) the acceptance of its contrary claim "would create 'the perception that either the first or the second court was misled" about AMCO's citizenship; and (iii) AMCO "would derive an unfair advantage" by obtaining removal jurisdiction here where no diversity exists.  *New Hampshire*, 532 U.S. at 750-51.  Indeed, United States District Courts have ordered that AMCO is a citizen of Ohio based on AMCO's representation in Oppositions to Motions to Remand.  (*E.g.*, Sosnick Decl., Ex. 7.)  As such, judicial estoppel applies to prevent AMCO from changing its story to deny its citizenship in Ohio.

In sum, both Crown Valley and AMCO are citizens of Ohio and there is no diversity.  Therefore, the Court lacks subject matter jurisdiction, and the Court must remand.  28 U.S.C. § 1447(c).

## C. Crown Valley Is Entitled To Costs Including Attorneys' Fees

On granting a motion for remand, the Court may order a defendant to pay plaintiffs their "just costs and any actual expenses, *including attorney fees*, incurred as a result of the removal."  28 U.S.C. § 1447(c) (emphasis added); *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 861 (9th Cir. 2001) (affirming award of

-22-

attorneys' fees incurred as a result of removal when district court remanded based on lack of complete diversity); *Sonoma Falls Developers, LLC v. Nevada Gold & Casinos, Inc.*, 272 F. Supp. 2d 919, 927 (N.D. Cal. 2003) ("As removal of this case was improper, the court determines that an award of just fees and costs incurred as a result of removal is warranted, pursuant to 28 U.S.C. § 1447."); *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 138 (2005) (plaintiff need not prove that the removal was "frivolous, unreasonable, or without foundation" to obtain fees.).

"Courts uniformly have held that a relevant factor for imposing costs and expenses is whether the removing party contradicts well-settled law in attempting to remove the case to federal court." *Johnson-Brown v. 2200 M Street LLC*, 257 F. Supp. 2d 175, 181 (D.D.C. 2003). In *Johnson-Brown*, the court awarded costs and attorneys' fees to the remanding plaintiff because the removing defendant failed to properly set forth the citizenship of party limited liability companies. *Id.*

Here, the Court should award Crown Valley its costs and attorneys' fees incurred because, among other things, AMCO failed to properly set forth Crown Valley's citizenship, contradicting "well-settled law in attempting to remove the case to federal court," and refused to stipulate to remand even after it was informed that Crown Valley and AMCO are not diverse. *Johnson-Brown*, 257 F. Supp. 2d at 181. The purpose of the fee award is to protect a plaintiff from "abuse, unnecessary expense and harassment if a defendant removes improperly." *Circle Indus. USA, Inc. v. Parke Const. Grp., Inc.*, 183 F.3d 105, 109 (2d Cir. 1999).

AMCO's behavior here, in flip-flopping on its claimed citizenship – despite repeatedly representing to United States District Courts across the country that its principal place of business is in Ohio (and it is) – constitutes improper abuse and harassment, causing Crown Valley to incur unnecessary expenses.

Crown Valley incurred no less than $11,740.00 in fees and costs related to the removal. (Odson Decl., ¶¶ 11-13.) Given AMCO's tactics and misstatements

MOTION TO REMAND; MEMORANDUM OF POINTS AND AUTHORITIES

to the Court and Crown Valley, AMCO should pay Crown Valley's costs pursuant to 28 U.S.C. § 1447(c).

## IV. <u>CONCLUSION</u>

Crown Valley respectfully requests the Court remand this matter to the Superior Court of California for the County of Orange and impose a cost award of $11,740.00 against AMCO.

Dated:  June 30, 2022                    SHUMENER, ODSON & OH LLP

                                          By _____
                                          ROBERT J. ODSON
                                          STACI M. TOMITA
                                          BENJAMIN LEVENTHAL HICKS
                                          *Attorneys for Crown Valley Holdings, LLC*

MOTION TO REMAND; MEMORANDUM OF POINTS AND AUTHORITIES